NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0452n.06
Filed: July 31, 2008

Case No. 07-2375

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ANTHONY MAYES, | ) | |
| | ) | |
| Appellant, | ) | ON APPEAL FROM THE |
| | ) | EASTERN DISTRICT OF |
| v. | ) | MICHIGAN |
| | ) | |
| CITY OF OAK PARK, et al., | ) | |
| | ) | |
| Appellees. | ) | |
| ——————————————— | ) | |

BEFORE: BATCHELDER and GILMAN, Circuit Judges; and ZOUHARY, Judge.[*]

ALICE M. BATCHELDER, Circuit Judge. Appellant Anthony Mayes is an African-American male and former Public Safety Officer for the City of Oak Park, Michigan, whose employment was terminated by the City following an investigation in which it was discovered that Mayes had falsified his police logs and failed to follow the requisite procedures for logging in recovered property. Mayes brought suit against the City of Oak Park, and against the remaining defendants in both their official and individual capacities, claiming racial and national origin discrimination and subjection to a hostile work environment, in violation of 42 U.S.C. § 2000e, et seq. ("Title VII"), 42 U.S.C. § 1983, and the Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, et seq. ("ELCRA"); disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 1201, et seq. ( "ADA"), and the Michigan Persons with Disabilities Civil Rights

_____

[*]The Honorable Jack Zouhary, U.S. District Judge for the Northern District of Ohio, sitting by designation.

Act, MCLA § 37.1101 (("PWDCRA"); and intentional infliction of emotional distress, in violation of Michigan common law.

The district court granted summary judgment in favor of all of the defendants on Mayes's claims, holding that: (1) because Title VII, ADA and § 1983 do not provide for individual liability, Mayes cannot assert these claims against the individual defendants; (2) Mayes failed to establish a prima facie case of race and/or national origin discrimination under Title VII and ELCRA; (3) Mayes failed to demonstrate a claim under either the ADA or the PWDCRA; (4) the court lacked jurisdiction over Mayes's Title VII hostile work environment claim because Mayes had never raised that claim before the EEOC; (5) Mayes's hostile work environment claim under ELCRA failed on the merits because Mayes never reported any of the allegedly hostile or harassing practices to his superiors; and (6) even if intentional infliction of emotional distress were a cognizable claim under Michigan law (an uncertain conclusion), Mayes's claim was insufficient as a matter of law. Mayes timely appealed.

After carefully reviewing the record, the applicable law, the parties' briefs and counsels' arguments, we are convinced that the district court did not err in its conclusions. Because the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.

2